[No. 11898.   Department Two.   July 27, 1914.]

WILLIAM L. BANE *et al.*, *Respondents*, v. FRANK P. DOW
*et al.*, *Appellants.*[1]

CORPORATIONS—CONTRACTS — TERMINATION — CORPORATION AS SUC-
CESSOR TO PARTY.   There is no termination of a contract between
custom house brokers respecting the handling of an importing busi-
ness and the division of fees thereunder, by the subsequent incor-
poration of one of the parties theretofore handling the business as
an individual, where, up to the time of trial, there was no serious
contention that the original contract was not still in force, the
parties recognized the corporation as succeeding to the interests of
the individual, and the corporation continued to transact the busi-
ness as previously done.

JOINT ADVENTURES—CONTRACTS—DIVISION OF PROFITS—DEDUCTION
OF EXPENSES.   Under a contract between custom house brokers for
the handling of an importing business and a division of fees there-
under, in which the fees for entry and the profits derived from
cartage were to be divided on an equal basis, a finding that the di-
vision of profits for cartage should be made after deducting the
actual cost of teaming is proper, and not that a proportional expense
of the business should be deducted therefrom before such division,
it appearing that the custom among brokers was to deduct only the
cost of the haul in determining profits derived from cartage, and
that the parties placed this construction upon the contract; since it
was an engagement in a common enterprise upon a profit-sharing
basis, and not governed by rules relating to partnership.

SAME — TERMINATION OF CONTRACT — CONSTRUCTION BY PARTIES.
Such contract is not terminated where there is nothing to show an
intention of the parties as to when it should terminate, and, while
construing the contract differently, each of the parties has always
recognized it as still in force.

JOINT ADVENTURES — CONTRACTS — DIVISION OF PROFITS.   Under a
contract between custom house brokers for the handling of an im-
porting business and a division of profits thereunder, which division
was to be "on entry and any profits that may accrue through attend-
ing to cartage," the item of forwarding charges is not included there-
in, where there is nothing in the contract contemplating a division
of such charge, and a letter passing between the parties stated that
"you are to make no charge for forwarding," even though the im-
porter allowed such charge to be made.

[1]Reported in 142 Pac. 23.

COSTS—ON APPEAL. Where both parties appeal, and neither is successful in attacking the judgment, costs will not be allowed in the supreme court.

Cross-appeals from a judgment of the superior court for King county, Gilliam, J., entered September 12, 1913, upon findings favorable in part to the plaintiffs, in an action on contract, tried to the court. Affirmed.

*Kerr & McCord*, for appellants.

*Fred W. Catlett* and *Emmons & Emmons*, for respondents.

MORRIS, J.—The parties to this action are custom house brokers, respondents doing business at New York City, and appellants at Seattle. In February, 1903, respondents, claiming to control certain importing business of New York merchants passing through the port of Seattle, wrote to Frank P. Dow, who was then doing business as an individual, suggesting they would obtain this business for Dow upon consideration of an equal division of fees. Dow accepted this offer, and respondents then informed him that the business to be turned over was that of Morimura Brothers. As fixing the terms of the contract between them, this letter stated: "We expect you to divide with us on entry and any profits that may accrue through attending to the cartage." A few days thereafter, Dow received a letter from Morimura Brothers, suggesting the fees to be paid as three dollars per invoice for entry, fifteen cents per case for cartage, and six cents per case for forwarding. Dow accepted these terms, and under them, undertook the business, remitting to respondents from time to time one-half of the entry charge and one-half of the profits accruing from the cartage, but making no reference to the forwarding fee of six cents per case.

On January 1, 1906, Dow incorporated his business as the Frank P. Dow Company, and the corporation from that time continued the same relation with respondents and Morimura Brothers without change until April, 1908, when

Morimura Brothers, making some objections to the amount
being charged for cartage, a new arrangement was entered
into, and the fee was fixed at twenty-five cents per case for
each case actually carted, the other fees remaining the same.
Through this correspondence, respondents learned for the
first time that Morimura Brothers were paying a forward-
ing fee of six cents per case, and demanded an accounting of
this fee, and one-half of the profits on the new cartage fee
after deducting the actual cost appellants were put to in
transporting the cases from the appraiser's store. Appel-
lants refusing to recognize any claim of respondents to share
in the forwarding fee, this action was brought.

The lower court held that respondents were entitled to an
equal share in the profits on the cartage, and fixed the profits
at 13.7 cents per case; but denied them any share in the
forwarding fee of six cents per case, upon the ground that
the contract between appellants and respondents did not con-
template a division of the forwarding fee. The court then
called for additional evidence to enable it to enter a decree
under the rule it had announced. This evidence was fur-
nished, and a decree was then entered awarding respondents
$730.77, with interest from date as against Frank P. Dow
individually, and $3,575.74 as against the corporation.
From this decree, all parties appeal.

While making numerous assignments, appellants' conten-
tions may be classified as, error on the part of the lower
court in holding that the contract did not terminate with the
formation of the corporation in January, 1906; that an er-
roneous basis was adopted in computing the profits on the
cartage; and that error was committed in arriving at the
amount awarded respondents. Up to the trial of this action,
we fail to discover any serious contention that the original
contract, so far as it affected a division between the parties,
was not still in force. Both parties recognized that the cor-
poration succeeded to the interests of Frank P. Dow under
the original contract, and under this assumption, the corpo-

ration continued to transact the business and account to respondents as Frank P. Dow had previously done. Under these circumstances, we find no merit in the contention that, for all purposes, the corporation was not the successor in interest of Frank P. Dow and should not now be held to the terms of the original contract.

The main contention under the second assignment is that the lower court used a wrong basis in finding that the cost of cartage was 1.3 cents per case, and that a division of the profits on this item should be made on the basis of 13.7 cents per case, appellants contending that the correct rule would permit appellants to deduct from the cost of the cartage the proportion of the entire expense of conducting the business of Frank P. Dow Company that the business of Morimura Brothers bears to the entire business of Frank P. Dow Company. It was established by the evidence that 1.3 cents per case for cartage represents the actual cost of the teaming. It is further established that, in contracts of a like nature, a general custom exists among custom house brokers to deduct only the cost of the haul in determining what are the profits derived from cartage. We think it is apparent from the record that such was the construction placed upon this contract by the parties. So far as the language of the contract is concerned, there is no distinction between the entry fee and the profits derived from cartage. They are both to be divided on an equal basis. Appellants make no contention that the proportionate expense of the whole business is to be charged to the entry fee before any division is made, and we assume the necessary labor in attending to the entry bore its proportionate share of the entire expense of the brokerage business as the necessary labor in attending to the cartage. We also find that appellants, in referring to this item in letters, speak of it as "profit on teaming;" and in accounting to the respondents, we can find nothing to indicate that appellants ever took any other view of this stipulation than that it entitled respondents to share in the cartage charge,

after deducting the actual cost of the haul or the sums paid for carting the cases from the appraiser's store to the railway preparatory to forwarding the merchandise from Seattle to New York. The parties to this contract united for the purpose of making money from a brokerage of the importing business of Morimura Brothers. Each contributed something to that enterprise. Respondents contributed the business; appellants contributed services. The performance of the services certainly included every item incidental to that performance. If appellants be now permitted to charge against the business of Morimura Brothers a proportionate share of doing their entire brokerage business, then manifestly they contributed nothing to the common enterprise, and respondents must not only furnish the business but share with appellants in the expense of doing it. If appellants can charge the expenses of doing the business, then respondents, by the same rule, would be entitled to charge any expense they might have incurred in procuring the business of Morimura Brothers. This, we think, shows the fallacy of appellants' contention. It is not like a partnership where the entire cost of the business is to be reckoned before determining the profits; but rather an engagement in a common enterprise upon a profit-sharing basis in which each party furnishes a part of that which is necessary to the success of the venture. In such cases, we believe the rule is as stated in 23 Cyc. 459:

"No part of the expenses incurred by one party in the execution of his part of the common enterprise can be charged against the other parties; but should be deducted from his share of the profits."

We think the rule should be the same here as if two real estate brokers entered into an arrangement whereby one, having a certain piece of real estate for sale, offered another a division of the commission if he should procure a buyer. In such a case, we do not think it would be contended that the agent procuring the buyer would be entitled to charge

against the commission a proportionate share of his general
office expenses for the time consumed in making the sale.
Nor if two lawyers united in a division of legal fees upon
the basis of one furnishing the business and the other per-
forming the necessary services, that the one rendering the
service would be allowed to charge against the fee a pro-
portionate share of his general office expenses.

Exception is also taken to the lower court's conclusion of
law that the contract is still in force. We can find no rea-
son for finding that it has terminated. The contract itself
furnishes no rule for ascertaining the intention of the parties
as to when it should terminate. And while the parties have
had differences in its construction, each has always recog-
nized the contract as still in force. Neither party can with-
draw from such a contract because it is no longer advan-
tageous to him. So far as the facts of this record appear,
we hold that the contract is still in force.

Respondents' chief complaint, under their cross-appeal, is
that the lower court refused to permit them to share in the
six cents forwarding charge. We think this ruling was
correct. Whatever may have been the basis of the fees to be
charged as between appellants and Morimura Brothers, re-
spondents' right to any share of those fees is to be deter-
mined by the contract they made, and that contract does not
contemplate any division of this charge. Respondents base
their strongest argument in support of their contention upon
the claim that a fair reading of the contract, when apply-
ing all principles governing the interpretation of contracts,
shows that the parties contemplated a division of all ele-
ments of profit. The contemplation of the parties to a con-
tract is to be determined from the language of the contract
when that language is plain and unambiguous. When these
parties stipulated that the division was to be "on entry and
any profits that may accrue through attending to cartage,"
the court has no right to add another element of profit and

say that the division should also include forwarding charges. That this charge was not within the contemplation of the parties is clear from respondents' letter of March 19, 1903, in which this appears: "You are to make no charge for forwarding." If thereafter Morimura Brothers permitted appellants to make such a charge, respondents cannot make such permission the basis of their recovery, since their rights are to be determined by their own contract, and not by that of Morimura Brothers.

Each party attacks the various amounts reached by the court. We have gone over these as carefully as we can in the endeavor to reach the right solution of the problem. The result is we find no error in the finding of the lower court.

The judgment is affirmed; and since all appeal and neither party succeeds in its attack upon the judgment, neither party will recover costs in this court.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.