EAGLE STAR INS. CO. et al. v. BEAN et al.
No. 115.

District Court, W. D. Washington, S. D.
Aug. 21, 1940.

Patterson & Patterson and Clarke & Clarke, all of Seattle, Wash., for plaintiffs.

Henderson, Carnahan & Thompson, of Tacoma, Wash., for defendants.

YANKWICH, District Judge.

On April 10, 1939, at Seattle, Washington, Thomas L. O'Leary, as party of the first part, entered into an agreement with the defendants, E. Bean and Sy Nash, copartners, doing business as the Olympia Supply Company, as parties of the second part. O'Leary had purchased, on April 5, 1939, *at the instance and request of Bean and Nash,* a sawmill, at Griggs, Whatcom County, Washington, paying for it, out of his own funds, $22,000.

The mill was bought with the understanding that it would be dismantled and sold.

With this in view, the parties agreed, in writing, that Bean and Nash should supervise the dismantling of the mill and its

sale, receiving no compensation for services or personal expenses. They were to be reimbursed out of the sale for the sales expense and the expenses of dismantling, which they were to advance, and were to share equally with O'Leary in the profits, after guaranteeing to him, a net of $22,000, the price which he paid for the mill in place.

On July 3, 1939, the premises were destroyed by fire, through the alleged negligence of Abe Bean, an employee of the defendants Bean and Nash.

The plaintiffs, insurers of the property, paid to O'Leary, the insured, the amount of the loss incurred, $28,922.

In accordance with a subrogation clause contained in the contract of insurance, providing that if the fire be caused by the act or negligence of a person, other than the insured, the insurer shall be subrogated, to the extent of the loss it paid, "to all right of recovery by the insured of the loss resulting therefrom," this action was instituted, charging negligence against Bean and Nash, by reason of the negligence of their employee, Abe Bean.

The defendants, have moved to dismiss for failure to state a claim. Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The contract, just epitomized, is attached to the complaint. The relationship it established between O'Leary and Bean and Nash is to be determined by its terms, in the light of the law of Washington. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ It is clearly a joint adventure. In a leading Washington case on the subject (Rosenstrom v. North Bend Stage Line, 1929, 154 Wash. 57, 61, 280 P. 932, 934), the conditions of a joint adventure are stated in this manner: "There must be an agreement to enter into an undertaking in the objects or purposes of which the parties to the agreement have a community of interest and a common purpose in its performance. Necessarily the agreement presupposes that each of the parties has an equal right to a voice in the manner of its performance, and an equal right of control over the agencies used in its performance. *One or more of the parties may, of course, intrust performance to another, or others, but this involves only the law of agency;*

*his rights in the ultimate result and his liabilities for negligent or wrongful performance remain the same."* [Italics added]

See Bane v. Dow, 1914, 80 Wash. 631, 142 P. 23; Zech v. Bell, 1917, 94 Wash. 344, 162 P. 363; Duvall v. Pioneer Sand & Gravel Co., 1937, 191 Wash. 417, 71 P.2d 567; Motter v. Smyth, 10 Cir., 1935, 77 F.2d 77.

All these elements are present here.

■ We have a specific written contract between three persons, one of whom advances money for the purchase of a mill and two others who agree, in consideration of half the profits, "to dismantle it and sell it," they advancing the costs, which are to be repaid to them, furnishing free their own labor and supervision, and guaranteeing to the other joint adventurer full repayment of the purchase price before any profits are to be computed.

By the terms of the subrogation clause and the assignment pleaded, plaintiffs acquired only whatever "right of recovery" O'Leary had.

■ This clause merely embodies the recognized rule in the law of subrogation, that the subrogee acquires only the right which the insured to whom he paid the loss, had. See 60 C.J. 712, 713; St. Louis, etc., Ry. v. Commercial Insurance Co., 1891, 139 U.S. 223, 235, 11 S.Ct. 554, 35 L.Ed. 154.

■ Under the doctrine of respondeat superior, Bean and Nash are responsible for the negligent act of their employee, Abe Bean, whose work they supervised. And were this an action between parties who are not joint adventurers, liability would attach. See Hay v. May Co., 1926, 271 U.S. 318, 321, 322, 46 S.Ct. 498, 70 L.Ed. 965; Pullman Co. v. Jenkins, 1938, 305 U.S. 534, 538, 539, 59 S.Ct. 347, 83 L.Ed. 334; Allen v. Walla Walla R. Co., 1917, 96 Wash. 397, 401, 165 P. 99.

■ But in the law of joint adventure, as in the law of partnership, the negligence of one co-adventurer is imputed to the other, whether he participates in it or not. The negligence of Bean and Nash is thus imputed to O'Leary. See O'Brien v. Woldson, 1928, 149 Wash. 192, 270 P. 304, 62 A. L.R. 436; Bates v. Tirk, 1934, 177 Wash. 286, 291, 292, 31 P.2d 525; Forman v. Shields, 1935, 183 Wash. 333, 48 P.2d 599; Duvall v. Pioneer Sand & Gravel Co., supra; Keisel v. Bredick, 1937, 192 Wash. 665, 74 P.2d 473.

This being so, O'Leary could not recover against his co-adventurers. Nor can his subrogee, the insurers, plaintiffs herein, who paid his loss, for they stand in his shoes.

The payment of the loss to O'Leary does not affect this conclusion, as it did not depend upon any question of fault or absence of fault on his part.

The motion to dismiss will therefore be granted.