**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| COHO DISTRIBUTING LLC,<br><br>          Appellant,<br><br>     v.<br><br>STATE OF WASHINGTON<br>DEPARTMENT OF REVENUE,<br><br>          Respondent. | No. 85090-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — COHO Distributing LLC (COHO) appeals a decision of the Board of Tax appeals (Board) upholding the business and occupation (B&O) tax assessments of the Department of Revenue (DOR). Because the Board correctly interpreted and applied the relevant B&O tax laws, we affirm.

I

COHO is a wholesale distributor of beer, malt beverages, and nonalcoholic beverages and conducts business operations in Washington. Young's-Columbia of Washington LLC (Young's) operates a wine distribution business in Washington. In 2011, COHO entered into a contract with Young's titled "Restated Shared Services and Operations Agreement" (Agreement). Under the Agreement, COHO agreed "to provide certain services" to Young's for the operation of Young's business, including the sale and marketing of wine, warehousing and delivery, and

general and administrative services. In return, the parties agreed that COHO "shall receive reimbursement from [Young's] for . . . the costs and expenses paid or incurred by [COHO] in connection with the Services as set forth herein." COHO received such payments from Young's ranging from roughly $36 million in 2011 to roughly $85 million in 2016.

In 2014, DOR began a combined audit of COHO and Young's. At the conclusion of the audit, DOR determined that COHO owed B&O tax under the "service and other" tax classification on amounts it received for providing services to Young's. As a result, DOR issued a B&O tax assessment against COHO totaling $3,724,238 for the period April 1, 2011 through December 31, 2013. On December 31, 2018, DOR issued a second assessment totaling $5,174,218.17 for the period January 1, 2014 through December 31, 2016.

COHO sought administrative review of both assessments by DOR's Administrative Review and Hearings Division, which affirmed the assessments. COHO appealed to the Board and moved for summary judgment. COHO argued that "the payments made to it by [Young's] are a share of the expenses of the joint venture and are, therefore, not subject to B&O tax." The Board disagreed and ruled as follows:

3. The agreement between [COHO] and [Young's] did not establish a joint venture.

4. Because the contract did not establish a joint venture, under Washington case law [COHO] cannot meet the requirements to establish a joint venture.

5. Even if there was a joint venture for some purposes, the agreement between the parties was a contract for services from [COHO] to [Young's], and those services would still be subject to tax.

6.    There is no exemption that would allow the payments from [Young's] to [COHO] to be excluded from the B&O tax.

(Footnote omitted.)  COHO's administrative appeal thus failed for two reasons:  (1) because it did not establish a joint venture, which was an essential lynchpin of its argument; and (2) because even if it could establish a joint venture, the payments it received from Young's would still be subject to B&O tax.

COHO sought judicial review in King County Superior Court.  The court ruled that the Board erred with regard to the first issue above because, "[t]here are disputed issues of material fact that preclude summary judgment for either party" as to whether COHO and Young's formed a joint venture.  Nevertheless, the trial court affirmed the Board's decision and ruled—with regard to the second issue above—that even if the parties were in a joint venture, "there is no 'joint venture' exemption in the state's B&O tax code" and therefore "COHO owes the B&O tax at issue as a matter of law and is not entitled to a refund of that tax."  COHO appeals.

II

Addressing the second issue above—whether the payments that COHO received from Young's are taxable under Washington's B&O tax laws even if a joint venture exists—COHO argues that the payments it received from Young's were not "reimbursement" for services rendered by COHO under the Agreement but were instead payment by Young's of its share of the expenses of the joint venture, which COHO claims is not taxable under Washington's B&O tax laws.  We disagree.

"On appeal, we review the Board's decision, not the decision of the superior

court . . . ." *Sprint Spectrum, LP v. State, Dep't of Revenue*, 174 Wn. App. 645, 657, 302 P.3d 1280 (2013). Under the Administrative Procedure Act (APA), which governs our review, the burden of demonstrating the invalidity of agency action is on the party asserting that the agency erred. RCW 34.05.570(1)(a); RCW 82.03.180. We may reverse the Board's decision only on certain enumerated grounds, including that the agency erroneously interpreted or applied the law. RCW 34.05.570(3)(d). Where, as here, the Board rendered its decision on summary judgment, we "overlay the APA 'error of law' standard of review with the summary judgment standard, and review [the Board's] interpretation or application of the law de novo while viewing the facts in the light most favorable to the nonmoving party." *Dep't of Revenue v. Bi-Mor, Inc.*, 171 Wn. App. 197, 202, 286 P.3d 417 (2012).

Washington imposes its B&O tax "for the act or privilege of engaging in business activities" within the state, measured by the "value of products, gross proceeds of sales, or gross income of the business, as the case may be." RCW 82.04.220(1). The term "gross income of the business" means "the value proceeding or accruing by reason of the transaction of the business engaged in and includes gross proceeds of sales, compensation for the rendition of services, . . . and other emoluments however designated." RCW 82.04.080(1). Value proceeding or accruing "means the consideration, whether money, credits, rights, or other property expressed in terms of money, actually received or accrued." RCW 82.04.090. "Unless an exemption or deduction applies, a taxpayer owes B&O tax on all income received for the rendition of services." *Skagit County Pub.*

*Hosp. Dist. No. 1 v. Dep't of Revenue*, 158 Wn. App. 426, 436, 242 P.3d 909 (2010).

Applying the B&O tax laws to the undisputed facts at issue here, the Board correctly concluded that the payments Young's made to COHO under the Agreement are properly subject to B&O tax. Under the plain language of the Agreement, Young's "[a]ppointed [COHO] to provide certain services to . . . [Young's] for the operation of [Young's] [b]usiness . . . ." Those services related to the sale and marketing of wine, warehousing and delivery, and administration. COHO then received monthly "reimbursement" payments for providing those services. Those reimbursement payments are "gross income of the business," specifically "compensation for the rendition of services," and are therefore subject to B&O tax under RCW 82.04.080(1) and RCW 82.04.220(1). Notably, COHO does not identify any statutory exemption that would apply to these payments. The Board correctly concluded that these payments are subject to B&O tax.

Notwithstanding the above analysis, COHO argues that the payments it received from Young's were not "compensation" for services but rather "Young's share of expenses." COHO further claims that the two parties shared the expense of providing services under the Agreement and "[t]o the extent that moneys were exchanged between [COHO] and [Young's] . . . each month, it was only to 'true-up' their respective shares." We rejected a similar attempt to avoid B&O tax in *Getty Images (Seattle), Inc. v. City of Seattle*, 163 Wn. App. 590, 260 P.3d 926 (2011). There, Getty Seattle's affiliated companies (Getty affiliates) transferred funds from a cash management account to Getty Seattle to pay the cost of

providing certain administrative and management services to the Getty affiliates. *Id.* at 592. To avoid (or at least minimize) payment of B&O tax, the parties agreed that the cost of those services would be "$1 million per year." *Id.* at 593-94. Getty Seattle also argued, similar to COHO here, that the payments were properly characterized as an "account payable" rather than "consideration" and were accrued by "Getty Management," which Getty Seattle claimed was a "separate corporate form." *Id.* at 602, 606. Applying the Seattle Municipal Code, SMC 5.30.035(D), which mirrors the tax statutes at issue here,[1] we rejected these arguments because "the tax assessment is based on the funds actually received by Getty Seattle to pay for the costs for providing the administrative and managerial services to the Getty affiliates." *Id.* at 606.

Here too, the Agreement expressly—and repeatedly—refers to "services" provided by COHO for the benefit of both COHO and Young's and describes the payments that COHO received from Young's as "reimbursement." Section 2.1 of the Agreement, for example, states that COHO "shall receive reimbursement from [Young's] for . . . the costs and expenses paid or incurred by [COHO] in connection with the Services as set forth herein." The administrative record confirms that COHO, similar to Getty Seattle, actually received those reimbursement payments. As our opinion in *Getty Images* confirms, no amount of legal or financial

---

[1] SMC 5.30.035(D) defines "gross income" as follows: "[T]he value proceeding or accruing by reason of the transaction of the business activity engaged in and includes gross proceeds of sales, compensation for the rendition of services, gains realized from trading in stocks, bonds or other evidences of indebtedness, interest, discount, rents, royalties, fees, commissions, dividends and other emoluments however designated, all without any deduction on account of the cost . . . paid or accrued and without any deduction on account of losses." As we observed in *Getty Images*, "[t]he City and state definitions for 'gross income of the business' and 'value proceeding or accruing' are nearly identical. *Compare* RCW 82.04.080, *and* RCW 82.04.090, *with* SMC 5.30.035(D), *and* SMC 5.30.060(F)." 163 Wn. App. at 601 n.6.

gymnastics can remove those reimbursement payments from the expansive reach of Washington's B&O tax statutes.

COHO cites *Bane v. Dow*, 80 Wash. 631, 142 P. 23 (1914), in support of its argument that DOR's B&O tax assessment is "incorrect as a matter of law" because it is not taxing the gross income of COHO's business but Young's share of the joint venture expenses. COHO's reliance on *Bane* is misplaced. There, Bane agreed to provide business to Dow on the condition that it share an equal division of the profits. *Id.* at 632. After learning that Dow was not sharing certain fees it was charging its customers, Bane sued Dow for one-half of the profits on those fees. *Id.* at 633. At trial, the court determined that the profits should be shared equally and then fixed a set price for Bane and Dow to share. *Id.* Dow then appealed and alleged that "an erroneous basis was adopted in computing the profits . . . ." *Id.* Dow argued that the trial court should have deducted the expenses Dow incurred providing services to its customers when it set the price Dow and Bane would share in equally. *Id.* at 634. The court rejected this argument and applied the same rule that COHO mistakenly relies on in this case: "[n]o part of the expenses incurred by one party in the execution of his part of the common enterprise can be charged against the other parties, but should be deducted from his share of the profit." *Id.* at 635.

COHO argues that the rule in *Bane* should apply here because the amounts COHO received are "Young's share of the expenses of the joint venture." COHO's reliance on *Bane* is misplaced because it is both legally and factually distinguishable. Legally, COHO fails to articulate how the rule in *Bane* creates an

exemption to DOR's imposition of the B&O tax on the amounts it received from Young's in exchange for providing its services. Factually, *Bane* involved one member of a joint venture (Dow) attempting to impute the costs incurred while providing services to its customers to the other member of the joint venture (Bane). Here, unlike in *Bane*, the Agreement between COHO and Young's (the two members of the alleged joint venture here) detailed that one member of the joint venture (COHO) would be "reimbursed" for services provided to another member of the joint venture (Young's). On this record, the rule articulated in *Bane* is inapposite.

### III

The Board correctly interpreted and applied the relevant B&O tax laws in determining, "There is no exemption that would allow the payments from [Young's] to [COHO] to be excluded from the B&O tax." Finding no error, we affirm.[2]

Feldman, J.

WE CONCUR:

Birk, J.

Dwyer, J.

---

[2] Because we agree with the Board's finding that the payments at issue are subject to the B&O tax *even if* a joint venture exists, we need not—and do not—address COHO's further argument that the Board erred when it accepted DOR's "position that the written Agreement did not form a joint venture but was instead a contract for [COHO] to provide services to [Young's]."