# Wytheville.

## MARSHALL'S ADM'R V. CHEATHAM.

### June 18th, 1891.

1. JUDGMENT—*Power to alter, &c.*—A judgment can be set aside or altered only in the mode prescribed, and by the court or officer invested with jurisdiction to do so by law.
2. COMMISSIONERS—*Scaling.*—Under neither act approved March 3, 1866 . (§§ 1 and 2, chap. 171, Acts 1865–'66), nor Code 1873, chap. 177, nor otherwise, is a commissioner who is appointed to take an account of judgment liens, authorized to scale a judgment as a confederate transaction.
3. CONSTITUTION.—Act approved March 25, 1866, amending act approved March 3, 1866, so far as it authorizes the reopening of judgment rendered since passage of the former act, is unconstitutional. *Anderson* v. *Ratcliffe*, 31 Gratt. 105.

Argued at Richmond. Decided at Wytheville. Appeal from decree of circuit court of Lunenburg county, rendered May 24th, 1889, in the chancery cause pending therein under the short style of " *Cheatham, for, &c.* v. *Love, Administrator, &c.*" The decree being adverse to J. J. Parrish, administrator of W. J. Marshall, deceased, he appealed. Opinion states the case.

*William H. Mann*, for appellant.

*R. Turnbull* and *J. B. Bell*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

It is shown by the record that on the 11th day of November, 1863, A. H. Love and H. H. Love executed and delivered to John J. Parrish, administrator of W. J. Marshall, deceased, their bond under seal, in words and figures following, viz.:

$810.00.                    "LUNENBURG, *Nov. 11th, 1863.*

Six months after date, we promise to pay John J. Parrish, administrator of William J. Marshall, deceased, the sum of eight hundred and ten dollars, current money of Virginia, for value received. Given under our hands and seals this date above.

A. H. LOVE,   [Seal.]
H. H. LOVE,   [Seal.]

Suit was instituted on this said bond, and at the April term, 1867, of the circuit court of Lunenburg, there was judgment by default thereon in favor of the said Parrish, administrator of W. J. Marshall, deceased, for the full amount of the said bond, viz.: $810.00, with interest from May 11th, 1864, and $7.42 costs, against the said A. H. Love and H. H. Love, which said judgment was duly docketed in the said clerk's office in April, 1864.

In 1871, the said H. H. Love having died, Thomas Cheatham instituted a creditor's suit for himself and others, against the executors of the said H. H. Love, deceased, and his widow and children, to ascertain the debts against the estate of the said H. H. Love, deceased, and their order of priority, the assets— real and personal—and to settle the estate accounts of his executors, and to enforce payment of his debts.

Pending this suit, the powers of the executors of H. H. Love, deceased, were revoked, and the estate was committed to J. W. Ellis, as sheriff, administrator *de bonis non ;* and on the 13th of May, 1872, there was a decree for an account and a reference to a master commissioner in the cause. Under

the said decree, H. E. Boswell, commissioner, gave notice by personal service to the parties named in the proceedings, plaintiffs and defendants; and he states in his report that he published notice in the "*Southside Sentinel*," a newspaper printed at Burkeville, in Nottoway county; but there is no proof of this, nor is there any order for notice by publication. Parrish, administrator of W. J. Marshall, was not a party to the suit. The commissioner, Boswell, returned his report November 15th, 1872, in which he reported this judgment from the record as a debt of the first class, as for $810.00, with interest and costs as aforesaid; but he, *of his own motion*, scaled it at twenty-two. for one, as a Confederate transaction, thus reducing the debt ascertained by the judgment from $810.00 to $36.84, with interest and costs. On the 17th of November, 1875, the court rendered a decree confirming the said report of Commissioner Boswell, and approving the scaling of the said debt ascertained by the said judgment, and for payment of the amount *as scaled*.

Parrish, administrator of W. J. Marshall, deceased, who was not a party to the suit, filed his petition, in which he deposes that he was utterly ignorant of the said suit, and of all the proceedings therein, until 1885, and prays to have the said confirmation of the said report of Commissioner Boswell and the scaling of the said judgment set aside. And, by leave, he amended his petition, asking to be allowed to prove his judgment. J. W. Ellis, sheriff administrator *d. b. n.* of H. H. Love, deceased, answered both the original and amended petitions. The court by its decree refused the prayers of Parrish in both petitions, and refused to set aside the confirmation of the report of Boswell, commissioner, and decreed that the scaling of Parrish's judgment was proper, and should stand.

From this decree Parrish has appealed. The only question for this court to pass upon, presented by the record, is, Was the scaling of appellant's judgment by the commissioner a valid

act which he was authorized to do, or was it simply void? We are of opinion that it was unauthorized, invalid and void. A judgment in an action of debt by a competent court is a judicial ascertainment of the debt demanded, or of so much thereof as is set out in the judgment. It is a final adjudication which no court or officer can go behind or set aside or change, except by procedure prescribed by rules of law or equity, and by those only who are by said rules and methods invested with jurisdiction so to do. A commissioner taking accounts should take evidence, and inquire as to unascertained open accounts and other debts; but he has no authority or power to make any change in a judgment, nor to make any alteration or abatement in it for reasons or causes arising at or prior to its rendition. His duty is to take the judgment *as recorded*, and to report it. If there be legal evidence of payments on it since its rendition, he cannot, even then, reduce the said recorded judgment by the said subsequent payments without notice to the owner of the said judgment. There is but one statutory provision by which any debt can be scaled as a Confederate transaction, and that is found in the first and second section of chapter 71, page 185, Acts of 1865-'6, enacted March 3d, 1866, which act provides only for setting up the fact of Confederate transaction by defence to a suit while pending and before judgment, so as to reduce the judgment to be rendered. If no such defence be made and judgment be rendered for full amount of the face of the obligation, the defence of " Confederate transaction " cannot be made afterwards.

It is true that the third section of the said act of March 3d, 1866, attempts to give a remedy by the court, on motion, after ten days' notice. If this were law it would not give the power to a commissioner, nor validate the act of Commissioner Boswell. The remedy is extraordinary and statutory, and the statute must be strictly followed. But even this remedy is not law. The third section of the act of March 3d, 1866, was amended and re-enacted by the act of March 25th, 1873, chap-

ter 219, page 197, Acts of 1872–'3.   The amendment makes
no change in the language of the amended section, but adopts
it, word for word, with an addition which, in no degree,
changes its character.   But this court, in the case of *Ratcliffe*
v. *Anderson*, 31 Gratt. 105, in an elaborate opinion delivered
by Judge Christian, decided that this amended statute is un-
constitutional, upon grounds including the original section and
holding it as objectionable, unconstitutional, and void as that
of March 25th, 1873.   And the case of *Marpole* v. *Cather*, 78
Va. 239, approves this decision in the opinion delivered by
judge.   These cases settle the law of this case, which comes
wholly within their terms and ruling.   The appellant's judg-
ment duly obtained and recorded in 1867, could not be scaled
by the unauthorized, *ex mero motu* act of the commissioner in
1872, and that, too, without notice to the owner of the judg-
ment, and in a report in a cause to which he was not a party.
He could not go behind the judgment in favor of Parrish, nor
abate it, nor inquire into the kind or character of the transac-
tion.   The Code of 1873, chapter 177, provides for corrections
of mistakes, errors in calculations, and misrecitals, and that
only within five years after the date of the judgment; and it
cannot apply to the scaling of a judgment upon a ground
which would have been an admissible defence under the
special law for Confederate transactions if set up before the
judgment, but which was not so set up or pleaded.

It is plain from the record that Parrish had no notice or
knowledge of the suit of Cheatham, nor of the proceedings in
it.   He accounts for his delay.   It is not objected to by any
one or in any form, that the judgment is reported as a debt of
the first class.   It was so reported in 1872, and this would pre-
clude the issue of any execution after that, and repels any
operation of the statute of limitations.   (See 18 Gratt. 705,
and 78 Va. 962.)

The circuit court erred in confirming the act of Commis-
sioner Boswell scaling the judgment, which was not a claim to

be proved, but the record of which proved itself. The question of scaling could have been raised only on the trial of the action of debt on the bond. It cannot be raised after the adjudication. The appellant is entitled to have his judgment enforced as first lien for $810, with interest from May 11th, 1864, and the costs, and to recover his costs in the circuit court and in this court. The decree appealed from is wholly erroneous, and must be reversed and annulled.

RICHARDSON, J. and HINTON, J., dissented.

DECREE REVERSED.