# CHARLESTON.

L. KAUFMAN *v.* AARON CATZEN *et als.*

(No. 5357.)

Submitted May 13, 1925.   Decided October 13, 1925.

1.  JOINT ADVENTURES—*Joint Adventure Held to Relate to Single Transactions, Though it May Comprehend Business to be Continued for Period of Years.*

    While a partnership is ordinarily formed for the transaction of a general business of a particular kind, a joint adventure relates to a single transaction, though it may comprehend a business to be continued for a period of years. (p. 83.)

2.  CORPORATIONS—*Joint Adventure Held to Continue, Although Active Member Assigns Interest to Corporation Which He Forms to Carry on Business.*

    A joint adventure continues, notwithstanding the active member assigns his interest therein to a corporation which he forms to carry on the business.   (p. 84.)

3.  APPEAL AND ERROR—*Decision of Supreme Court of Appeals on Prior Appeal Held to Constitute Law of Case, Both in Subsequent Proceedings in Circuit Court and on Subsequent Appeal.*

    A decision of this court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the circuit court and on subsequent appeal.   (p. 88.)

4.  PARTNERSHIP—*Receiver Will Not be Appointed to Take Charge of Partnership Enterprise Except on Showing That it Should be Dissolved.*

    A receiver will not be appointed to take charge of a partnership enterprise unless it appear that the same should be dissolved.   (p. 87.)

5.  JOINT ADVENTURES—*In Absence of Strong Equities to Support Decree, Court Will Not Interfere With Management of Joint Adventure, and Will Not Appoint Receiver to Sell Land in Which Capital of Joint Adventures is Invested.*

    In the absence of strong equities to support such a decree, a court will not interfere with the management of a joint

adventure by the parties thereto, and will not appoint a re-
ceiver to sell the land in which the capital of the joint ad-
venturers has been invested.    (p. 87.)

Appeal from Circuit Court, McDowell County.

Suit by L. Kaufman against Aaron Catzen and others to
dissolve a joint adventure, for appointment of a receiver
and for other relief.    From a decree dismissing plaintiff's
second amended and supplemented bill in part, defendant
appeals.

*Affirmed.*

*A. C. Buchanan* and *D. J. F. Strother* for appellant.
*F. C. Cook, Russell S. Ritz* and *Sanders, Crockett, Fox
& Sanders,* for appellees.

WOODS, JUDGE:

This cause has been considered by this court twice before
on appeal.    See *Kaufman* v. *Catzen,* 81 W. Va. 1, and *Kauf-
man* v. *Catzen,* 90 W. Va. 719, which opinions are referred
to for a statement of the facts.    However, a brief history of the
litigation will be necessary to an understanding of the ques-
tions involved here.

The plaintiff's original bill sought a recovery of $30,000
advanced by the plaintiff to cover the prepayment of five
years' ground rent upon the leasehold involved herein, and
also a one-third interest in the enterprise in addition thereto.
This claim was met by the defendants by asserting that the
$30,000 so advanced by the plaintiff, Kaufman, under the
contract between the said Kaufman and the defendant Aaron
Catzen was not to be returned to him as such, but that the
said Kaufman advanced said sum, and, in addition thereto,
agreed to advance the additional sum of $20,000 to develop
the leasehold, in consideration whereof he was then to have
a one-third interest in the profits to be realized out of said
enterprise and that the said Kaufman forfeited his right to
the one-third interest in said enterprise by reason of his
enmity and hostility to the development thereof.    The circuit
court decreed that the plaintiff, Kaufman, was not entitled to

the $30,000 advanced by him for five years' ground rent, but did hold that he was entitled to a one-third interest in the enterprise, and appointed a receiver to take charge of said enterprise. From this decree the defendants appealed to this court. Upon this first appeal the decision of the lower court was affirmed as to the holding that the plaintiff, Kaufman, was not entitled to recover the $30,000 advanced by him, and reversed as to the holding that the said plaintiff was entitled to the appointment of a receiver and a one-third interest in the enterprise. This court further held that while the said Kaufman did not forfeit his right to the one-third interest so purchased by him by the advancement of the said $30,000 for ground rent, that said one-third interest was, however, subject to be charged with all damages arising out of the conduct of the said Kaufman on account of any enmity and hostility exhibited by him against said enterprise, and directed the cause to be referred to a commissioner to make and state a report covering these questions. *Kaufman* v. *Catzen*, 81 W. Va. 1. In accordance with the foregoing decision the circuit court referred the cause to a commissioner and certain findings were made by said commissioner from the evidence submitted to him. This report came on before the circuit court on numerous exceptions made by both plaintiff and defendants, but the trial court overruled all the exceptions made by the defendants and sustained certain of the exceptions made by the plaintiff, and found that the enterprise had, up to the 7th day of September, 1918, made a profit of $37,756.44, subject to distribution among the interested parties, and decreed a recovery to the said Kaufman of one-third of this amount, or $12,585.48, together with $1,902.50, interest thereon to the 7th day of September, 1918, aggregating the sum of $14,487.98. From this decree the appellees herein prosecuted a second appeal, and upon the hearing this court reversed said decree. In their findings this court used the following language: "Our conclusion, therefore, is to reverse the decree and remand the cause, with direction to order another reference to revise and restate the account, showing: (1) the debts and liabilities of the joint enterprise; (2) the advancements made by any party,

the dates thereof, the interest thereon, and any payments made toward the reduction thereof out of the revenues or assets of the enterprise; (3) the receipts and expenditures since the entry of the final decree in the cause, together with a statement showing the funds on hand, including any liquid assets." *Kaufman* v. *Catzen,* 90 W. Va. 719. This cause was remanded to the circuit court for further proceedings in conformity with the two decisions of this court. Thereafter the plaintiff, Kaufman, tendered and filed in the circuit court his second amended and supplemental bill praying, among other things, that the joint enterprise involved herein be dissolved and the affairs and business of the same be wound up; that a receiver be appointed to manage the affairs of said enterprise, and that the assets and property of said enterprise be sold and the funds arising therefrom be distributed to the interested parties, to which second amended and supplemental bill the defendants interposed a demurrer and specifically answered each and all of the allegations of said bill, negativing the same and all of them, and particularly those allegations of the bill wherein the plaintiff charged a conspiracy between the defendant Aaron Catzen and the Northfork Realty Company to so conduct the said enterprise by reinvesting the earnings derived therefrom in making further improvements so that at the expiration of the lease the same would revert to the said Northfork Realty Company. Upon this second amended and supplemental bill and the answer thereto considerable evidence has been introduced, which is set forth in the present record, upon consideration of all of which the circuit court entered the decree complained of herein. Kaufman appeals from that part of said decree which dismisses said second amended and supplemental bill of the said plaintiff in so far as the same "prays for the appointment of a receiver, a dissolution of said partnership or joint enterprise, and a sale of said property."

We are not permitted to review any question heretofore decided in the present cause, as the party who loses in this court may not have the cause reheard by a second or third appeal.

The subject matter of the joint enterprise involved in this cause consists of a lease from the Northfork Realty Company for the use and occupancy of approximately forty-four acres of land. The grantee in this lease was the defendant Aaron Catzen. The term was twenty-five years from September 1, 1907, subject to a renewal at the expiration of the said twenty-five years for an additional term of twenty-five years. The contract between the plaintiff, Kaufman, and the defendant, Catzen, as interpreted by this court on the first appeal, is that Kaufman, in consideration of advancing to the grantee of said leasehold the sum of $30,000 to cover the ground rent for the first five years under said lease, was to receive a one-third interest in the rents and profits arising out of said enterprise, and that by reason of the contract thus established the parties to the same became and were co-adventurers in said enterprise, whose relation to each other and to said enterprise was similar to or the same as partners. The subject of joint adventure is of comparatively modern origin. It was unknown at common law, being regarded as within the principles governing partnerships. While some courts hold that a joint adventure is not identical with a partnership, it is regarded as of a similar nature, and is governed by the same rules of law. One distinction lies in the fact that, while a partnership is ordinarily formed for the transaction of a general business, a joint adventure relates to a single transaction, although the latter may comprehend a business to be continued for a period of years. 23 Cyc. 453; *Saunders* v. *McDonough,* 191 Ala. 119. Testing the right of these partners to dissolve said joint enterprise, the first inquiry to be made is what is the period of time or term over which the partnership or joint enterprise extends? The subject matter of the joint enterprise, consisting exclusively in a leasehold on real estate for a fixed period of years necessarily fixes the period and term of said joint enterprise. Hence in the instant cause the same is not subject to dissolution by the parties at will, but subject only to a dissolution for reasonable cause. *Mahon* v. *McClernan,* 10 W. Va. 419; *Cole* v. *Moxley,* 12 W. Va. 730. Has reasonable cause been shown? The facts of this cause do not differ materially from the facts upon

the first appeal. This court there decided that Kaufman
was not entitled to a receiver. If he had been entitled to
dissolve the enterprise he would have been entitled to a re-
ceiver. It is apparent that if the plaintiff is entitled to a
receivership and a dissolution of the enterprise, it must be
upon sufficient grounds that have arisen since the former liti-
gations. As to such grounds upon which the former litiga-
tion was based, the plaintiff is concluded. *Marguerite Coal
Company* v. *Meadow River Lumber Company,* 98 W. Va.
698. The grounds urged on the present appeal may be
grouped under the following heads: (a) that the effect of the
sale and assignment by Catzen to the Clark Development
Company of his interest in the enterprise was to *ipso facto*
dissolve the relationship existing between himself and the
plaintiff; (b) that the defendant Catzen has refused to recog-
nize the plaintiff as a partner or co-venturer in the enter-
prise; (c) that the defendant Catzen misappropriated revenues
of the joint enterprise by applying them to the payment of
the salary for himself to which he was not entitled; (d) that
the attitude and feeling of Catzen, and the Clark Development
Company, managed and controlled by him, toward the plain-
tiff are discordant, thereby rendering the prosperity of the
enterprise hopeless. These are not all of the grounds assigned
but they are the major ones. In substance they were urged
in the former appeals.

The first two grounds may be conveniently considered to-
gether. After the expiration of the first five years of the
lease, the defendant, Catzen, procured contribution from
others to make development and improvements of said lease-
hold. The Clark Development Company was formed and
stock was issued to all who contributed funds for the de-
velopment of the enterprise. The leasehold was assigned
to said corporation on this account. Catzen contends that
the hostility of Kaufman toward the enterprise made this
step necessary to save the enterprise from failure. The plain-
tiff, Kaufman, urges this assignment or sale of the lease as a
ground for dissolution. Ordinarily a partnership is dissolved
by an assignment by one partner of all his interest in the part-
nership. *Conrad* v. *Buck.* 21 W. Va. 396. It is settled law

that one partner has no implied authority to make a general assignment of the effects of the partnership, unless his co-partner is absent so he cannot be consulted, or is incapable of giving his assent or dissent. *Hill* v. *Postley*, 90 Va. 200. But it must be remembered that the joint undertaking here under consideration was not, strictly speaking, a partnership, but a joint enterprise where Kaufman by his contract vested the sole and exclusive management of the enterprise in Catzen. Kaufman has no voice in the management of the enterprise. He has no right to demand more than an accounting as to profits, while the enterprise continues and is solvent, in the absence of proof of misappropriation, fraud, insolvency or the like, on the part of his associates. *Kaufman* v. *Catzen,* 81 W. Va. 1. That the assignment of the leasehold to the Clark Development Company by Catzen was practically forced, in order to save the enterprise from being wrecked, by Kaufman's hostility or refusal to make further contribution to its capital, is declared by the court in its opinion on the first appeal. He cannot be heard now to complain of the act produced by his own misconduct. In *Brady* v. *Erlanger*, 149 N. Y. S. 929, the court held: "Where plaintiff and de-defendant  *  *  *  leased a theatre" for a term of years, they to divide the profits, "they remained joint adventurers, notwithstanding defendant, to carry on the theatre, created a corporation in which he and his employees held all the stock, where plaintiff  *  *  *  held no stock and received no dividends."

In the instant cause Catzen did not sell his interest in the joint enterprise, but changed his holding from that of an individual to that of a corporate holding. Catzen at all times has retained the controlling interest in the corporation. The plaintiff, Kaufman, did not urge the fact that such assignment was made as a ground for a dissolution in either of the former appeals. It has been held that the consent of the other parties may be implied from their conduct in thereafter recognizing the interest of the purchaser and cooperating with him. *Bernitt* v. *Smith-Powers Logging Company*, 213 Fed. 378; 33 C. J. 850. The court on the former appeal considered the fact of the sale or assignment and held that sufficient

ground for the appointment of a receiver had not been established. *Kaufman* v. *Catzen*, 81 W. Va. 1.

The hostility between the parties and question of salary were shown in the former records and held by this court to be insufficient to warrant a receivership for the enterprise. However, in the present record the phase of the cause relating to the hostile attitude of the two principal litigants toward each other is more fully developed, thereby demanding consideration here. To do so, some of the principles of the relationship of co-adventurers will be helpful. One who has entered into a contract of joint adventure with another or others is bound to proceed with the enterprise until its termination. 33 C. J. 851. Neither party can withdraw from such a contract because it is no longer advantageous to him. *Bane* v. *Dow,* 80 Wash. 631. It is also held that one who fails or refuses to contribute toward the adventure before any part of the undertaking is accomplished cannot claim any interest in the profits derived therefrom, or in the property subsequently acquired by his associate individually and with his own funds. *Miller* v. *Butterfield,* 79 Cal. 62. This principle is carried to the extent that where a joint adventure has been entered in contract of the parties, each party must perform the service which the contract requires of him to be performed, and, if he fails, he is chargeable with the expenses incurred in employing others to perform the services, to be deducted from his share of the profits. *Dow* v. *Darragh,* 48 N. Y. Sup. Ct. 138; *Goss* v. *Lanin,* 170 Iowa 57. One party to a joint adventure cannot abandon it for the others, though he may abandon it for himself. *Goss* v. *Lanin, supra.* Persons united for a common purpose must be loyal to that purpose and each other. If no date is fixed by the contract for the termination of the adventure, or its termination is dependent upon the happening of a contingency, the agreement remains in force until the purpose is accomplished, or the happening of the contingency, and neither party can end it at will by notice or otherwise. 23 Cyc. 454. No one shall use the interest or knowledge which he acquires through the relation so as to hinder or defeat the other party to it in accomplishing any of the purposes for which it was created. 2 Sugden on Ven-

dors (8 Am. Ed) 406-409; *Gamble* v. *Hanchett,* 35 Nev. 319. Applying the foregoing principle to the cause under consideration what do we find?

It is apparent from the contract established on prior appeals, that Catzen and Kaufman entered into a joint adventure, looking to the development of certain boundary of land, as an addition to the town of Northfork, with the understanding that the adventure should be carried forward by them jointly, and that each should share in the profits, and that such adventure was undertaken by them, then each became bound to the exercise of good faith in the promotion of the enterprise; having "put their hand to the plow they must not turn back." The evidence discloses, and the findings of this court on prior appeals are to the effect that Catzen attempted performance of his part of the contract entered into, and stood ready at all times to further aid, as far as lay in his power, pursuant to their agreement, and loyal to the purpose for which it was created. He has been indefatigable in obtaining funds to make the enterprise a success. On the contrary, after the investment of thirty thousand in the enterprise, Kaufman has not only sought to abandon the undertaking, and recover back the money paid, but according to Catzen has tried to hinder the progress of the adventure. He refuses to make further contribution to the enterprise. All the circumstances combine to sustain Catzen's claim of loyalty to the enterprise and to show Kaufman's disloyalty thereto. Kaufman vehemently avers his good faith and pure motives. The circumstances clearly outweigh his protestations. His whole conduct is inconsistent with the theory upon which he predicates his right to a dissolution of the enterprise.

A receiver will not be appointed to take charge of a partnership enterprise unless it appear that the same should be dissolved. Collyer on Partnership, Sec, 353; *McMahon* v. *McClernan, supra.* In the absence of strong equities to support such a decree, a court will not interfere with the management of a joint adventure by the parties thereto and will not appoint a receiver to sell the land in which the capital of the joint adventures has been invested. *Annon* v. *Brown,* 65 W.

Va. 34. On the whole record we do not believe there have been sufficient additional grounds to those urged on the former appeals, shown, to warrant a dissolution of the joint enterprise.

Upon this appeal, we are not at liberty to depart from the law announced in the cause on the previous appeals. The decision then made became the law of the cause, binding alike upon this court, and the parties on any subsequent appeal. 2 Herman on Estoppel, 118.

The record of this cause has been submitted to a careful consideration and analysis, and we have arrived at the conclusion that the decree of the circuit court in dismissing the plaintiff's bill in so far as it asks for a dissolution of the joint enterprise, appointment of a receiver and the sale of the property, must be affirmed. A further discussion of the cause would be productive of no good, and we have deemed it sufficient to place our decision primarily upon the grounds stated in the opinions of this court on the two former appeals. For the reasons therein and herein stated, the decree of the circuit court will be affirmed.

*Affirmed.*