# CHARLESTON.

DENNY HAGER *v.* STANDARD ISLAND CREEK COAL COMPANY

(No. 6647)

Submitted September 30, 1930. Decided October 14, 1930.

*George D. Moore,* for plaintiff in error.
*Estep & Bland,* for defendant in error.

HATCHER, JUDGE:

The plaintiff, Denny Hager, was employed by the defendant coal company to furnish mine timbers, from the company's own timberland, for its mines. The timbers were to be of certain dimensions. The inspectors of the company culled some of the furnished product as not conforming to the specifications, branded and paid for the remainder. He seeks in this action to recover the same price for the culls that he received for the branded timber. His claim extends over a period of about two years and four months, and amounts to $3,665.09.

The company denied any liability thereon and demanded judgment against Hager for $1,534.57, balance due on account. The verdict was for Hager, in the sum of $1,832.54 and judgment was entered therefor.

· The defendant assigns two errors: failure of the court (1) to give its instruction number 3, and (2) to set aside the verdict as contrary to the law and the evidence.

(1) The instruction would have told the jury that the defendant was not liable for any rejected timber used in its mines if the culling had been done in good faith. . This is not the law. Use of the culls (even if properly graded) for mining timbers made the defendant liable on a quantum meruit.

(2) The theory of plaintiff's right of recovery, as gathered from his brief, is as follows: (a) If the unbranded timber in fact did not meet the specifications, but notwithstanding that (b) the company accepted it and (c) used it in its mine for the same purposes as the branded timber, (d) then he was entitled to recover for all the culls at the same price as the branded timber.

(a) The evidence of A. V. Pauley, a witness for plaintiff, shows that the culls did not meet the specifications as to size. (Plaintiff admits that he never protested the grading of a single timber.)

(b) The evidence of B. B. Walls and other witnesses, demonstrates that all the culls were taken into the mines. That act alone, however, did not constitute acceptance under the contract as a matter of law. The defendant owned the culls and as an incident thereto, had the right to move them from the stackyard without waiving the non-compliance of the contractor. Legal acceptance required the appropriation of the culls to a use, whereby the defendant benefitted from the labor of the plaintiff. 6 R. C. L. 989.

(c) It is also clearly proved that some of the culls were used for mine purposes. Hugh Mallon, a witness for plaintiff, said that he was night boss and assistant boss for the defendant for about five months during plaintiff's contract; that he required the miners to use all of the mine props irrespective of size; and that if a prop was too small to use alone, he would

have the miners combine it with another and sometimes with two of the smaller timbers.

Plato Kitchen, who was one of the mine bosses while the plaintiff was delivering timber, stated on behalf of defendant that he gave the miners strict instructions to use nothing but good timber (as "the seam was hard to hold"); that so far as he knew his instructions were followed; and that he had seen timbers unfit for use thrown into the gob. Everett Cunningham, section foreman while plaintiff was delivering timber, also stated on behalf of defendant that the coal loaders would pick out the best timbers and throw back the culls, and that the culls are lying in the mine yet. Confirmatory of Cunningham, E. A. Starling, superintendent of defendant for about one year during the plaintiff's contract, stated in its behalf, that he had observed in each working place in the two mines an average of four or five timbers unfit to set.

As the evidence of Kitchen, Cunningham and Starling is not controverted in any particular, it may properly be considered under defendant's second assignment of error.

(d) If many of the culls were incapable of use, and if some of those used were doubled and even tripled to perform the service of a branded timber, then plaintiff was not entitled to recover the same price for the culls as a class that he received for the branded timber. Yet true to his theory, he offered no evidence whatsoever on the value of the culls as such. It might well be argued that if a cull served the entire purpose of a branded timber, the cull was worth as much as the branded timber; and if two culls were employed where one branded timber would have sufficed, then each of such culls was worth half as much as a branded timber, etc. But there is no evidence of the number of the used culls, the manner of their use, or of the proportion they bear to the total number of culls. Neither is there evidence by comparison or otherwise of the number of culls thrown aside by the miners, as unfit for use. The obligation assumed by plaintiff was to deliver timbers of certain dimensions, designed for use in defendant's mines. If the work of plaintiff on the timbers which were culled, did not fit them for any mining use whatsoever, then plaintiff had

not performed his obligation in regard thereto, and merits no pay therefor. Where there is no benefit to the party sought to be charged, a recovery is not permissible under the doctrine of quantum meruit. Elliott on Contracts, sec. 2101; 6 R. C. L. 988. Yet the jury, after subtracting the undisputed balance on the store account due defendant by plaintiff, allowed him the full price he demanded for the entire number of culls, less about $300.00. The evidence neither explains the deduction of the $300.00 nor supports the amount awarded. The verdict should, therefore, be set aside.

Much of defendant's brief is an attempt to demonstrate certain alleged inconsistencies in plaintiff's conduct, etc. It is not necessary to discuss plaintiff's conduct further than to say that it was a question for the jury.

The judgment of the lower court is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*