DENNY HAGER *v.* STANDARD ISLAND CREEK COAL COMPANY

(No. 7060)

Submitted May 17, 1932.   Decided June 11, 1932.

*George D. Moore,* for plaintiff in error.
*Chas. L. Estep* and *Robert Bland,* for defendant in error.

LITZ, JUDGE:

This is an action on a written contract between plaintiff, Denny Hager, and defendant, Standard Island Creek Coal Company, whereby plaintiff agreed to cut, and deliver to defendant, mining timber from its lands in Logan county.

The specifications of the timbers and prices to be paid therefor by defendant to plaintiff under the contract, follow: "round posts six inches in diameter, 6 feet long, 30 cents each; split posts 6 inches in diameter, 6 to 8 feet long, 17 cents each; split posts 6 inches in diameter, 3½ to 4 feet long, 13 cents each; mine heads 7 inches in diameter, 16 feet long, 55 cents each; mine cap boards not less than 2 inches by 8 inches and 1½ feet long, 2 cents each; standard railroad ties as may be specified, 75 cents each; hewn mine ties, 3x5 inches and 5½ feet long, 20 cents each."

Plaintiff seeks to recover the value of timbers rejected by defendant as "culls" (on the ground they did not meet the specifications of the contract) but later removed and used

by defendant in its mines. To the judgment entered upon a verdict in favor of plaintiff for $2,247.09, defendant prosecutes error. A judgment of $1,832.54 for plaintiff on a prior trial was reversed upon a former writ because the evidence did not show the value of the culled timbers used by defendant. 109 W. Va. 490, 155 S. E. 540.

Upon the second trial, plaintiff, without attempting to conform the evidence to the decision by showing the value of the culls used by defendant, relied solely upon the theory that the timbers in question complied with the specifications, and that he was, therefore, entitled to recover therefor the contract price. Rejecting this theory upon the former writ in an opinion written by Judge Hatcher, we said: "The evidence of A. V. Pauley, a witness for plaintiff, was that the culls did not meet the specifications as to size. (Plaintiff admits that he never protested the grading of a single timber.)" There has been no substantial change in the evidence on this issue. Pauley, who inspected most of the timbers, again testifying on behalf of the plaintiff, stated that he had made his inspection in accordance with the specifications of the contract, taking actual measurements in all cases of doubt.

The decision, upon a writ of error, of an issue of fact will be followed as the law of the case in succeeding reviews of the cause, unless the evidence involving such issue has been substantially changed by subsequent trial. "A decision of this court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the circuit court and on subsequent appeal." *Kaufman* v. *Catzen,* 100 W. Va. 79, 130 S. E. 292. "The determination of issues by this court on a former hearing will be regarded as the law of the case upon a second writ of error, unless the case has been materially changed by new evidence, adduced at the subsequent trial, based upon proper pleadings." *Leitch* v. *Railway Co.,* 101 W. Va. 230, 133 S. E. 140.

Defendant kept no record of the number of culls taken into the mine that were actually used, rendering it impossible at this time to determine the number used. Many were lost and some were used for purposes other than props. In view

of this situation, plaintiff, in order to recover, should be required to prove only the number of culls taken into the mine which were capable of some mining use and the value thereof on a quantum meruit basis.

The other questions of fact were rightly submitted to the jury.

Adhering to our former decision as the law of the case, we reverse the judgment, set aside the verdict and grant the defendant a new trial.

*Reversed; verdict set aside; new trial awarded.*