**STATE OF WEST VIRGINIA**

**CHARLENE A. SHORTS,**
Petitioner Below, Petitioner

vs.) No. 11-1649 (Brooke County No. 06-C-127)

**AT&T MOBILITY and AT&T**
**MOBILITY CORPORATION and,**
**PALISADES COLLECTION, LLC,**
Respondents Below, Respondents

**FILED**

**June 17, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

The Petitioner herein, Charlene Shorts, by counsel Christopher J. Regan, appeals from an order entered July 25, 2011, by the Circuit Court of Brooke County which granted Respondents AT&T Mobility, LLC and AT&T Mobility Corporation's (hereinafter collectively referred to as "AT&T Mobility") Motion to Compel Arbitration.[1] Herein, Ms. Shorts asserts the following: the circuit court erred in applying the wrong contract in granting AT&T Mobility's Motion to Compel Arbitration; the contract which the circuit court should have applied was unconscionable; the contract provisions applied by the circuit court were also unconscionable and the circuit court failed to allow discovery regarding this issue; and the circuit court erred in requiring the parties to arbitrate the claims involving Palisades Collection, LLC ("Palisades"), the other Respondent below. The appeal was timely perfected by counsel, and the appendix record accompanied the petition. AT&T Mobility filed its response.[2] Based upon the parties' written submissions and oral arguments, the portions of the record designated for our consideration, and the pertinent authorities, we find that the circuit court did not err in granting AT&T Mobility's Motion to Compel Arbitration. Accordingly, we affirm the underlying decision. This Court further finds that this case presents no new or significant

---

[1] AT&T Mobility is represented by Jeffrey M. Wakefield and Evan M. Tager, admitted *pro hac vice*.

[2] Although Palisades is involved as a party in the case below, it has not filed an appearance in the instant appeal.

1

questions of law, and, thus, it will be disposed of through a memorandum decision as contemplated by Rule 21 of the Rules of Appellate Procedure.

In February of 2003, Ms. Shorts purchased a cell phone and wireless service plan from AT&T Wireless. The cell phone contract included a mandatory arbitration clause. Ms. Shorts reportedly failed to make payments and, on May 6, 2003, AT&T Wireless terminated her service and assessed a $175 early termination fee, which was not paid.

AT&T Wireless merged with Cingular Wireless in October of 2004 and began operating under the Cingular name. In May of 2005, Ms. Shorts purchased new wireless phone service from Cingular. Cingular and Ms. Shorts ceased doing business under that contract by early 2006.  In 2007, Cingular changed its name to AT&T Mobility.

AT&T Mobility assigned to Palisades, a debt collection company, the right to recover the debt that Ms. Shorts allegedly incurred to AT&T Wireless in 2003.  On June 23, 2006, Palisades filed a debt collection lawsuit against Ms. Shorts in the Magistrate Court of Brooke County seeking $794.87 plus $242.52 prejudgment interest. As a defense and counterclaim, Ms. Shorts alleged that the early termination fee charged in 2003, and the subsequent attempts to collect it, violated multiple provisions of the West Virginia Consumer Credit and Protection Act ("CCPA") in that it purported to require the payment of excessive and illegal fees.  Palisades removed the case to circuit court, where Ms. Shorts amended her counterclaim to assert CCPA claims against AT&T Mobility for actual and statutory damages, statutory attorney's fees, and cancellation of her debt.  Ms. Shorts sought to bring her counterclaims against AT&T Mobility on behalf of a class.

After an unsuccessful attempt to remove the case to federal court, AT&T Mobility moved to compel arbitration. AT&T Mobility maintained that the primary obligation to arbitrate arose under the terms of the 2003 agreement, but that procedural aspects of the arbitration are governed by the 2005 Cingular contract and by amendments that AT&T Mobility made to its arbitration provision in December 2006 and March 2009.  AT&T Mobility asserted that the 2005 contract is applicable to this dispute because it expressly provided that "Cingular and you (such references include our respective . . . predecessors in interest [and] successors and assigns) agree to arbitrate all disputes and claims . . . arising out of or relating to this Agreement, or to any prior oral or written agreement, for Equipment or services between Cingular and you."  AT&T Mobility argued that the 2006 and 2009 amendments apply to all customers and contain consumer-friendly modifications.[3]  In responding to the motion to compel arbitration below, Ms. Shorts took

---

[3] The "consumer friendly" terms include the following: (1) both parties can bring claims in magistrate court in lieu of arbitration; (2) AT&T Mobility pays the costs of arbitration; (3) there is no restriction on remedies, i.e. punitive damages and attorney's fees may be awarded; (4) a customer's billing address determines the venue of arbitration; (5) a customer may opt to have an in-person hearing, a telephonic hearing, or a "desk

the position that the terms of the 2003 agreement were the only applicable provisions that governed the issue of arbitration in this case.

By order entered December 1, 2009, the circuit court found that "the 2005 arbitration agreement, with its consumer oriented revisions in December 2006 and March 2009, [is] the focus of the legal issue before the court." Citing to the 2005 contract language quoted above, the circuit court opined: "[W]hen Shorts was sued in 2006 by Palisades, she had the right to arbitrate her 2003 AWS [AT&T Wireless] phone service disagreement under the more beneficial Cingular arbitration terms." Additionally, the circuit court ruled that AT&T's arbitration provision was unconscionable under *State ex rel. Dunlap v. Berger*, 211 W.Va. 549, 567 S.E.2d 265 (2002), because it provided that arbitration could only be pursued on an individual basis, not as a class action. AT&T Mobility thereupon filed a petition for prohibition with our Court, which was granted.

In *State ex rel. AT&T Mobility v. Wilson*, 226 W.Va. 572, 703 S.E.2d 543 (2010) (hereinafter "*AT&T Mobility I*"), this Court held that, standing alone, a lack of class action relief herein does not render an arbitration agreement unenforceable on the grounds of unconscionability under West Virginia law. This Court also recognized that just because a contract providing for arbitration is a contract of adhesion, the contract is not automatically unconscionable. *Id.* at 577, 703 S.E.2d at 549 (*citing State ex rel Clites v. Clawges*, 224 W. Va. 299, 685 S.E.2d 693 (2009)). This Court remanded the case to the circuit court for specific findings and a meaningful analysis of whether the arbitration provision is unconscionable under the tests set forth in *Dunlap* and *Art's Flower Shop, Inc. v. Chesapeake and Potomac Telephone Co.*, 186 W.Va. 613, 413 S.E.2d 670 (1991). *AT&T Mobility I*, 226 W. Va. at 580, 703 S.E.2d at 551.[4]

---

arbitration"; (6) confidentiality is not required; (7) AT&T Mobility may not seek attorney's fees; and (8) AT&T Mobility is required to pay customers either the arbitration award or $10,000 plus double attorney's fees if the award is more than AT&T Mobility's last settlement offer. There are minimal differences between the 2006 and 2009 versions of AT&T Mobility's arbitration provision. The right to a written decision was not contained in the 2006 version. Additionally, the amount of the minimum award available to claimants if the arbitral award exceeded AT&T Mobility's last settlement offer changed from $5,000 in the 2006 version to $10,000 in 2009 based on the jurisdictional maximum for magistrate court.

[4] In syllabus point 4 of *Art's Flower Shop*, 186 W.Va. 613, 413 S.E.2d 670 (1991), this Court held that "[a] determination of unconscionability must focus on the relative positions of the parties, the adequacy of the bargaining position, the meaningful alternatives available to the plaintiff, and 'the existence of unfair terms in the contract.' " Additionally, in syllabus point 4 of *Dunlap*, 211 W.Va. 549, 567 S.E.2d 265 (2002), this Court held that,

In *AT&T Mobility I*, this Court distinguished the facts of the case from those of *Dunlap*. In *Dunlap* there were concerns that small-dollar/high-volume claims would not be pursued without the availability of class action relief. *See* 211 W. Va. at 562, 567 S.E.2d at 278. In *AT&T Mobility I*, this Court found that "[b]ased on the limited record that is before us, it appears that this case stands in severe contrast to the concerns of legal representation; burdensome mediation costs; and nominal recovery that we articulated in *Dunlap*." 226 W.Va. at 579, 703 S.E.2d at 550. This Court then discussed the arbitration provisions that AT&T Mobility adopted in its 2006 and 2009 amendments to its arbitration clause. *Id.* at 575 n.8, 703 S.E.2d at 546 n.8. We noted in footnote 9 that "Ms. Shorts' counsel represented during oral argument that he did not object to the trial court's ruling that the 2005 agreement, along with the 2006 and 2009 modifications, are the controlling provisions with regard to arbitration." *Id.* at 576 n.9, 703 S.E.2d at 547 n.9. This Court also noted in footnote 20 that "this Court does not address the issue of which agreement is controlling, finding that the issue is not properly before us." *Id.* at 580 n.20, 703 S.E.2d at 551 n.20. We then said in footnote 22 that, because of the undeveloped record, "[t]his Court takes no position on whether the contractual provisions at issue are unconscionable." *Id.* at 580 n.22, 703 S.E.2d at 551 n.22. Following this Court's opinion

---

> Provisions in a contract of adhesion that if applied would impose unreasonably burdensome costs upon or would have a substantial deterrent effect upon a person seeking to enforce and vindicate rights and protections or to obtain statutory or common-law relief and remedies that are afforded by or arise under state law that exists for the benefit and protection of the public, are unconscionable; unless the court determines that exceptional circumstances exist that make the provisions conscionable. In any challenge to such a provision, the responsibility of showing the costs likely to be imposed by the application of such a provision is upon the party challenging the provision; the issue of whether the costs would impose an unconscionably impermissible burden or deterrent is for the court.

Subsequent to our opinion in *AT&T Mobility I*, this Court revised the framework for determining the enforceability of an arbitration clause in *Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 724 S.E.2d 250 (2011) ("*Brown I*"), *Brown v. Genesis Healthcare Corp.*, 229 W. Va. 382, 729 S.E.2d 217 (2012) ("*Brown II*"), and *SER Richmond American Homes v. Sanders*, 228 W. Va. 125, 717 S.E.2d 909 (2011). Because this case was remanded for a determination of unconscionability prior to our opinions in *Brown I*, *Brown II*, and *Richmond American Homes*, the tests set forth in those cases are not applicable here.

in *AT&T Mobility I*, Ms. Shorts filed a motion for rehearing challenging the foregoing conclusion, which this Court denied on November 29, 2010.

Upon remand, by order of July 25, 2011, the circuit court granted AT&T Mobility's motion to compel arbitration and stayed the litigation. In a memorandum opinion attached to the order, the circuit court found that "there is very little left in this case on the issue of unconscionability that is not preordained by what has already occurred." The circuit court cited to, *inter alia*, its earlier decision that the 2006 and 2009 amendments apply; this Court's discussion in the *AT&T Mobility I* opinion regarding the consumer-friendly provisions in the 2006 and 2009 amendments; and this Court's and the U.S. Supreme Court's decisions[5] that a class-action ban does not render an arbitration agreement unconscionable. Thereafter, the circuit court denied a motion filed by Ms. Short to clarify and reconsider the order compelling arbitration.

"A circuit court order compelling arbitration is based upon a legal determination that the terms of the arbitration agreement require the matter in dispute to be arbitrated. Accordingly, 'we review the circuit court's legal determinations de novo.'" *McGraw v. American Tobacco Co.*, 224 W. Va. 211, 222, 681 S.E.2d 96, 107 (2009) (citing *Dunlap*, 211 W.Va. at 556, 567 S.E.2d at 272). "Other courts reviewing orders compelling arbitration have likewise utilized a de novo standard of review." *McGraw,* 224 W. Va. at 222, 681 S.E.2d at 107 (citing *Title Max of Birmingham, Inc. v. Edwards*, 973 So.2d 1050, 1052 (Ala. 2007) ("We review the trial court's grant or denial of a motion to compel arbitration de novo."); *State ex rel. Carter v. Philip Morris Tobacco Co.*, 879 N.E.2d 1212, 1214–15 (Ind. App. 2008) (holding that a de novo standard of review applies to trial court's determination to compel arbitration); *State ex rel. Stenehjem v. Philip Morris*, Inc., 732 N.W.2d 720, 726 (N.D. 2007) (finding that district court's decision to order arbitration under the MSA was not based upon any factual finding, but based upon the interpretation of contractual terms and is, therefore, subject to de novo review)).

In her first assignment of error, Ms. Shorts asserts that the circuit court erred in applying the 2005 contract and 2006 and 2009 modifications instead of applying the 2003 contract. Ms. Shorts maintains in her second assignment of error that the 2003 contract terms are unconscionable and thus, the circuit court erroneously granted AT&T's motion to compel arbitration. We accord both of these arguments scant merit. When this case was previously before this Court, this Court stated in footnote 9 of our opinion in *AT&T*

---

[5] After *AT&T Mobility I* was decided, the U.S. Supreme Court decided a similar issue in *AT&T Mobility LLC v. Concepcion*, __ U.S. __, 131 S.Ct. 1740 (2011). The U.S. Supreme Court held that the FAA preempts a California rule that had deemed class-action waivers in arbitration agreements to be unconscionable. *Id.* Coincidentally, *Concepcion* also concerned AT&T's 2006 arbitration clause.

*Mobility I* that "Ms. Shorts' counsel represented during oral argument that he did not object to the trial court's ruling that the 2005 agreement, along with the 2006 and 2009 modifications, are the controlling provision with regard to arbitration." Following the release of our opinion in *AT&T Mobility I*, Ms. Shorts' counsel filed a petition for rehearing challenging the foregoing conclusion. This Court denied the petition for rehearing. Consequently, the applicability of the 2005 agreement, along with the 2006 and 2009 modifications, is now the law of the case. "The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case." Syl. Pt. 1, *Mullins v. Green*, 145 W. Va. 469, 115 S.E.2d 320 (1960). "The decision, upon a writ of error, of an issue of fact will be followed as the law of the case in succeeding reviews of the cause, unless the evidence involving such issue has been substantially changed by subsequent trial." Syl. Pt. 2, *Hager v. Standard Island Creek Coal Co.*, 112 W. Va. 479, 164 S.E. 666 (1932). "A decision of this court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the circuit court and on subsequent appeal." Syl. Pt. 5, *Kaufman v. Catzen*, 100 W. Va. 79, 130 S. E. 292 (1925). Because this issue has been conclusively determined, it is no longer appealable.

Alternatively, Ms. Shorts contends that the circuit court erred in failing to find that AT&T's 2006 and 2009 contract modifications were unconscionable on the record presented. Specifically, Ms. Shorts asserts that the 2006 and 2009 provisions are unconscionable because customers who refuse settlement offers are not guaranteed to receive the $10,000 minimum payment provided for under the 2009 provision if they are not awarded more than AT&T Mobility's last written settlement offer. Because she did not raise this argument below, we find that she has waived this argument on appeal. *See Zaleski v. West Virginia Mutual Ins. Co.*, 224 W. Va. 544, 550, 687 S.E.2d 123, 129 (2009) ("[B]ecause this argument is being raised for the first time on appeal, we must necessarily find that the argument has been waived.") Furthermore, we find that the circuit court complied with the directives of this Court's mandate on remand and found that the 2005 contract, along with the 2006 and 2009 modifications, was not unconscionable.

In granting AT&T's writ of prohibition as moulded in *AT&T Mobility I*, this Court remanded the case to the circuit court requiring it to "make specific findings on the issue of unconscionability that comport with the tests for unconscionability we established in *Art's Flower Shop* and *Dunlap*." Specifically, we stated,

> When this matter is returned to the circuit court, the trial court
> should evaluate the provisions of the arbitration clause it has
> found to control against the ability of Ms. Shorts to enforce
> her rights in connection with her claims. This determination
> will necessarily involve a consideration of the financial costs

6

> to proceed in arbitration; the opportunity to address her claims in arbitration; and the ability to seek redress for her claims in arbitration.

*AT&T Mobility I*, 226 W. Va. at 580, 703 S.E.2d at 551. In granting AT&T's motion to compel arbitration, the circuit court made the following findings on the issue of unconscionability that comport with the tests established in *Dunlap,* 211 W.Va. 549, 567 S.E.2d 265, and *Arts Flower Shop*, 186 W.Va. 613, 413 S.E.2d 670:

> TEST (1): An examination of the relative position of the parties.

> ANALYSIS

> AT&T Mobility is a rich corporation and there is no evidence that Ms. Shorts is either rich or poor.

> TEST (2): An inquiry into each party's bargaining power.

> ANALYSIS

> The parties are at the extremes in bargaining power. Shorts had a very limited choice in wireless service. If she wanted Cingular wireless service she had to agree to arbitration.

> TEST (3): Consideration of the availability of meaningful alternatives.

> ANALYSIS

> There was none. If Shorts wanted the phone and the service she had to agree to arbitration.

> and

> TEST (4): The identification of specific unfair terms in the subject contract.

> ANALYSIS

> Class actions, jury trials, [and] punitive damages presented to a jury are all prohibited by the arbitration agreement and are, in my opinion, unconscionable. However the loss of these

7

rights in an arbitration agreement have all been found by our Supreme Court of Appeals as not making the agreement facially unconscionable and do not prevent a claimant from vindicating his or her rights. After the *AT&T Mobility* decision of our Supreme Court it is very clear that standing alone, the loss of these procedural rights, even in a contract of adhesion, do not prohibit or substantially limit a person from enforcing and vindication [sic] rights and protections or from seeking and obtaining statutory or common-law relief and remedies that are afforded by or arise under state law that exists for the benefit and protection of the public, and they do not make the arbitration agreement unconscionable.

A trial judge must also consider whether the costs of arbitration are unreasonably burdensome. However, the Supreme Court has already concluded that Mrs. Shorts bears no costs with regard to an arbitration proceeding. Thus, costs are not a factor to be further addressed in this Opinion.

Therefore, the inevitable further findings of this court:

1. The contract is not unconscionable. A valid, enforceable arbitration agreement exists as a matter of law.

2. Relying on the law in our *AT&T Mobility* case, the law in *AT&T Mobility LLC v. Concepcion*, the findings already made by this court and the Supreme Court of Appeals, the terms in the Arbitration Agreement in this case, the specific findings of fact surrounding the dispute, and, of extreme importance, my duty to follow the law as interrupted [sic] by our highest State Court, I find that the applicable arbitration terms, with the continued assistance of counsel, do not prevent Ms. Shorts from addressing her claims in arbitration and enforcing her rights, as limited by our highest state and federal courts, in connection with her claims.

3. The costs attendant to pursuing her claims in arbitration are not unreasonably burdensome.

We find no error in the circuit court's findings regarding the issue of conscionability under the applicable West Virginia law. Furthermore, in light of the U.S. Supreme Court's decision in *Concepcion*, __ U.S. __, 131 S. Ct. 1740, we find that the

2006 and 2009 agreements are enforceable. In *Concepcion*, the Supreme Court examined a California rule that, in certain circumstances, automatically invalidated an arbitration clause if it contained a class action waiver. *Id.* The Supreme Court concluded that such a *per se* rule abrogating arbitration clauses impairs the rights of parties to contract and, if they so choose, arbitrate rather than litigate a particular dispute. *Id.* The California rule was therefore found to be preempted by the Federal Arbitration Act. *Id.* In so holding, the Supreme Court observed that "aggrieved customers who filed claims would be 'essentially guarantee[d]' to be made whole" under AT&T Mobility's arbitration provision and that plaintiffs are "better off under their arbitration agreement with AT&T Mobility than they would have been as participants in a class action, . . . ." *Id.*, 131 S. Ct. at 1753.[6]

Ms. Shorts next maintains that the circuit court should have allowed her an opportunity for discovery prior to granting AT&T's motion to compel arbitration. However, we find that the discovery Shorts seeks would be fruitless. As one court has noted, discovery on these topics "goes only to substantiating the very public policy arguments that were expressly rejected by the Supreme Court in *Concepcion* – namely, that the class action waiver will be exculpatory, because most of these small-value claims will go undetected and unprosecuted." *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205, 1214 (11th Cir. 2011). Similarly, the Ninth Circuit has explained that *Concepcion* "forcloses [the] argument" that "class-action waivers are unconscionable" based "on a case-by-case, evidence-specific finding of exculpation." *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1160 (9th Cir. 2012). Other courts evaluating AT&T Mobility's arbitration provisions have also refused to permit the type of discovery Ms. Shorts seeks.[7]

---

[6] Numerous other courts have likewise upheld the 2006 and 2009 provisions. *See Coneff v. AT&T Mobility LLC*, 673 F.3d 1155 (9th Cir. 2012); *Cruz v. Cingular Wireless, LLC*, 648 F.3d 1205 (11th Cir. 2011); *Kaltwasser v. AT&T Mobility LLC*, 812 F. Supp. 2d 1042 (N.D. Cal. 2011); *Blau v. AT&T Mobility LLC*, 2012 WL 566565 (N.D. Cal. Feb. 21, 2012); *In re Apple & AT&TM Antitrust Litig.*, 826 F. Supp. 2d 1168 (N.D. Cal. 2011); *Hendricks v. AT&T Mobility*, LLC, 823 F.Supp.2d 1015 (N.D. Cal. 2011); *Nelson v. AT&T Mobility LLC,* 2011 WL 3651153 (N.D. Cal. Aug. 18, 2011); *Boyer v. AT&T Mobility Servs.*, LLC, 2011 WL 3047666 (S.D. Cal. July 25, 2011); *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 2011 WL 2886407 (N.D. Cal. July 19, 2011); *Johnson v. AT & T Mobility, LLC*, 2010 WL 5342825 (S.D. Tex. Dec. 21, 2010); *Fay v. New Cingular, Wireless, PCS, LLC*, 2010 WL 4905698 (E.D. Mo. Nov. 24, 2010); *Powell v. AT & T Mobility, LLC*, 742 F. Supp. 2d 1285 (N.D. Ala. 2010); *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 679 (N.D. W. Va. 2010); *Francis v. AT&T Mobility LLC*, 2009 WL 416063 (E.D. Mich. Feb. 18, 2009).

[7] *See, e. g., Kaplan v. AT&T Mobility, LLC*, 2011 WL 7409078, at *1 (C.D. Cal. Aug. 9, 2011)("The Court finds that arbitration-related discovery is neither necessary nor proper and therefore denies plaintiff's request therefor."); *In re Apple & AT&T iPad*, 2011 WL

Accordingly, we find that the circuit court did not err in denying Ms. Shorts' request for discovery prior to granting AT&T's motion to compel arbitration.[8]

For the foregoing reasons, we affirm the circuit court's order entered July 25, 2011, granting AT&T's Motion to Compel Arbitration.

Affirmed.

ISSUED: June 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry, II

---

2886407 at *6 (N.D. Cal. 2011) ("The argument that plaintiffs seek to support through arbitration related discovery has already been addressed and rejected by the [U.S.] Supreme Court in *Concepcion*."); *Hopkins v. World Acceptance Corp.*, 798 F. Supp. 2d 1339 (N.D. Ga. 2011).

[8] Last, Ms. Shorts maintains that the circuit court erred in requiring the parties to arbitrate the claim brought by Palisades against Ms. Shorts and the counterclaim by Ms. Shorts against Palisades because the AAA currently has a moratorium in place and currently ceases to administer this type of consumer debt-collection action. We decline to address this issue as it pertains to a party that is not before the Court.